**EVAN JONES COAL CO. v. TERRITORY OF ALASKA.**
No. 5667–A.

District Court of Alaska. First Division. Juneau.
June 30, 1947.

Medley & Haugland, of Seattle, Wash., for plaintiff.

Ralph J. Rivers, Atty. Gen., and Frank L. Oliver, Asst. Atty. Gen., for defendant.

FOLTA, District Judge.

The question presented by the stipulation submitting this controversy pursuant to Sections 3688-90, C.L.A.1933, is whether Chapter 27, S.L.A.1946, imposing a tax on receipts from retail and wholesale sales is applicable to sales of coal by the plaintiff to the United States.

The statute so far as pertinent provides:

"There is hereby levied the following tax to carry out the purposes of the Alaska World War II Veterans' Act on gross sales, exports and/or remuneration for services, to be collected and deposited in Alaska World II Veterans' Revolving Fund. The tax above mentioned shall be levied commencing April 1, 1946, and shall be payable on all revenues received on or after said date as result of such sales or service and on all exports exported on or after said date.

"One per centum of the gross revenue derived from all retail sales made in the Territory, said revenue being computed in dollars and the tax payable by the retailer. * * *

"One-half of one per centum of the gross revenue, computed in dollars, derived from wholesale sales made in the Territory, payable by the wholesaler * * *."

In terms this is a gross receipts tax.

Plaintiff relies principally on Panhandle Oil Co. v. State of Mississippi ex rel. Knox, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857, 56 A.L.R. 583, where an excise tax of four cents a gallon on the privilege of engaging in the distribution and sale of gasoline was held invalid as applied to

sales to the United States. The defendant contends that that case has been overruled by subsequent decisions of the Supreme Court.

James v. Dravo Contracting Co., 302 U.S. 134, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318, sustained a tax of two per cent on the gross income derived from construction contracts with the United States as against the contention that the tax was invalid because laid on an instrumentality of the United States. The only distinction between Panhandle Oil Co. v. State of Mississippi ex rel. Knox, supra, and James v. Dravo Contracting Co. is that in the former the tax was on the privilege of selling, measured by the number of gallons of gasoline sold, and since a tax on sales, as the one in Panhandle Oil Co. v. State of Mississippi ex rel. Knox was held to be in substance and effect, 277 U.S. at page 222, 48 S.Ct. 451, 72 L.Ed. 857, 56 A.L.R. 583, is closer to the sale and to governmental authority than a tax on the gross receipts of a private vendor, it is apparent that this difference furnished the basis for distinguishing Panhandle Oil Co. v. State of Mississippi ex rel. Knox; Indian Motorcycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277, and Graves v. Texas Co., 298 U.S. 393, 56 S.Ct. 818, 80 L.Ed. 1236, and limiting them to their particular facts. Since these cases dealt with taxes which by their terms or in substance and effect were deemed to be on sales it is manifest that after the Dravo case their authority was limited to cases involving such taxes as distinguished from cases involving taxes on gross receipts or gross income.

Since the tax imposed by the local act is on gross receipts it would appear that the Dravo case is controlling. The plaintiff, however, argues that Dravo was an independent contractor who sought to clothe himself with governmental immunity accorded only to its instrumentalities, but this overlooks that the same argument is applicable to the plaintiff for it sold coal to the government under contract just as Dravo sold materials and services, and the tax in each instance was on gross receipts. This difference in the

subject of the sale is immaterial and does not call for the application of a different principle. Indeed it is difficult to escape the conviction that Dravo is directly in point and controlling. Expressions in subsequent decisions support this view. Thus, in Helvering v. Mountain Producers Corporation, 303 U.S. 376, 386, 58 S.Ct. 623, 627, 82 L.Ed. 907, involving a claim of exemption from taxation of income received under an oil and gasoline lease from the State of Wyoming, the court said, in commenting on previous decisions, that:

"These decisions in a variety of applications enforce what we deem to be the controlling view—that immunity from nondiscriminatory taxation sought by a private person for his property or gains because he is engaged in operations under a government contract or lease cannot be supported by merely theoretical conceptions of interference with the functions of government. Regard must be had to substance and direct effects. And, where it merely appears that one operating under a government contract or lease is subjected to a tax with respect to his profits on the same basis as others who are engaged in similar businesses, there is no sufficient ground for holding that the effect upon the government is other than indirect and remote."

The economic burden test, applied in Panhandle Oil Co., has not been followed since it was abandoned in the Dravo case, 302 U.S. at page 160, 58 S.Ct. 208, 82 L.Ed. 155, 114 A.L.R. 318. Governmental immunity became accordingly narrowed and now legal incidence appears to be the test. Mayo v. United States, 319 U.S. 441, 63 S.Ct. 1137, 87 L.Ed. 1504, 147 A.L.R. 761; Wilson v. Cook, 327 U.S. 474, 491, 66 S.Ct. 663, 90 L.Ed. 793. Whatever doubt remained as to the continuing vitality of Panhandle Oil, limited as it was to taxes in terms or in effect on sales, was dispelled in State of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 482, which expressly overruled Panhandle Oil and Graves v. Texas Co., 298 U.S. 393, 56 S.Ct. 818, 80 L.Ed. 1236, in sustaining a sales tax chargeable to the seller and collectible from the

purchaser which was held to be a tax on the purchaser. 314 U.S. at page 9, 62 S.Ct. 43, 86 L.Ed. 482.

Again the plaintiff seeks to distinguish this decision on the ground that the transactions were tripartite. But this circumstance is wholly without significance. The crucial question was whether the government, or only its contractor, was the purchaser, 314 U.S. at page 6, 62 S.Ct. 43, 86 L.Ed. 3, and once it was determined that the contractor, who was not an instrumentality of the United States, was the purchaser and that the legal incidence of the tax fell on him as vendee instead of on the United States, the issue was no longer in doubt.

It is apparent that the contractor in State of Alabama v. King & Boozer, supra, occupied substantially the same relationship to the government as the Panhandle Oil Co. did. In the former, the contractor was required to pay a sales tax levied on it as vendee, whereas in the latter, it had to pay an excise tax measured by the quantity of gasoline sold. Both taxes are one step removed from the sale itself and must therefore be treated as identical. Obviously when it was determined in State of Alabama v. King & Boozer, supra, that the contractor was the purchaser and as such had to pay the vendee sales tax on his purchases for the government, the court found itself again confronted with the identical question presented in Panhandle Oil Co. v. State of Mississippi ex rel. Knox, supra, and in order to sustain the tax, was compelled to overrule that case. This however had already been foreshadowed in subsequent decisions. That this is a correct view of the character of the question presented in State of Alabama v. King & Boozer, supra, would not seem open to doubt, for not only is there no other explanation for the court's action in expressly overruling Panhandle Oil Co. v. State of Mississippi ex rel. Knox, supra, but it must be conceded that such precedents are overruled only when it is unavoidable.

It would therefore appear that State of Alabama v. King & Boozer, supra, also sustains the position of the de-

fendant, for it is reasonably clear that there is no distinction between the vendee sales tax in that case and the gross receipts tax here. If the plaintiff obtained the coal sold to the government by purchase instead of from its mines and the local tax were identical with the vendee sales tax of Alabama, the same argument that plaintiff makes against the local tax could likewise be made against the other. On the other hand if plaintiff were an instrumentality of the United States instead of a mere private contractor, it would be immune from either a vendee sales tax on its purchases of coal for the government or a tax on the gross receipts from its sales of coal. But since it is not, the fact that the imposition of the tax on its gross receipts may result in an increase in the cost of the coal to the government is no longer enough to justify condemnation.

State of Alabama v. King & Boozer, supra, is, therefore, authority for the proposition that while the government's vendor must pay a vendor or vendee sales tax, the government need not pay a vendee sales tax collectible by its vendor or imposed on its purchases. Since a tax on sales was not condemned until long after a gross receipts tax had been sustained, it is obvious that the plaintiff in the instant case, in assailing a tax of the latter kind, is in a less favorable position to invoke the implied immunity of the government than was the contractor in State of Alabama v. King & Boozer, supra, where the tax involved was one on sales. Western Lithograph Co. v. State Board of Equalization, 1938, 11 Cal.2d 156, 78 P.2d 731, 117 A.L.R. 838, also sustained the position of the plaintiff and would appear to be directly in point.

The tax imposed by the local act is a non-discriminatory tax on gross receipts from sales, the legal incidence of which is on the seller. It is not as close to the sale or to governmental authority as a sales tax on the seller or a vendee sales tax levied on a person who is a vendor to the government, which State of Alabama v. King & Boozer, supra, holds to be the same in effect. Neither can it be

said that it interferes with the performance of governmental functions to such an extent as to offend the Constitution. Plaintiff, being a private vendor to the government, cannot claim the benefit of the implied constitutional immunity of the federal government from taxation of the kind here dealt with.

Judgment may be entered for the defendant in accordance with the stipulation.